IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY DRAKE VARNELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | No. CIV-18-312-C |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

<u>REPORT AND RECOMMENDATION</u>

This action seeking relief under 28 U.S.C. § 2241 has been filed on behalf of Petitioner, a federal pretrial detainee.[1] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the undersigned has undertaken a preliminary review of the sufficiency of the Petition pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[2] For the following reasons, it is recommended

---

[1] The Petition indicates that Petitioner's mother, Melonie Varnell, filed this action on behalf of her son. Doc. #1 at 1. In order to file a habeas action on behalf of a third party, certain prerequisites must be established. *See Whitmore v. Arkansas,* 495 U.S. 149, 161-64 (1990). However, in light of the recommendation herein, it is unnecessary to determine whether such prerequisites can be established in the present case.

[2] Rule 4 is applied in the discretion of the undersigned to this 28 U.S.C. § 2241 habeas Petition. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

1

the Petition be dismissed without prejudice.

I. Background

Petitioner is confined in Grady County Jail located in Chickasha, Oklahoma. Doc. #1 at 1. Petitioner alleges he has been repeatedly placed in solitary confinement and had his property confiscated without due process of law, denied access to medical care, and deprived of showers, pencils, papers, phone calls, meals, and recreation time. *See generally* Doc. #1. He further alleges jail officials used excessive force against him on one occasion, and officials have retaliated against him based on his submitted complaints regarding the conditions of his confinement. *Id.*

II. Screening Requirement

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to promptly examine a habeas petition and to summarily dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing § 2254 Cases. "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006). Petitioner has such notice by this Report and Recommendation, and he has an opportunity to present his position by filing an objection to the Report and Recommendation. Further, when raising a dispositive issue *sua sponte*, the district court must "assure

itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits . . . ." *Id.* (quotations omitted); *Thomas v. Ulibarri*, 214 F. App'x 860, 861 n.1 (10th Cir. 2007); *Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (noting no due process concerns with the magistrate judge raising an issue *sua sponte* where the petitioner could "address the matter by objecting" to the report and recommendation).

    III.  Analysis

A review of the Petition reveals no claim cognizable in a federal habeas action. "A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quotations omitted). "In contrast, a civil rights action [] attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions." *Id.* (quotations and punctuation omitted). Accordingly, an attack on the constitutionality of the conditions of a prisoner's confinement is not cognizable in a habeas corpus proceeding and instead must be brought in a civil rights action initiated under 42 U.S.C. § 1983. *See Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000); *see also Sherratt v. Friel*, No. 07–4155, 2008 WL 313177, at *1 (10th Cir. Feb. 4, 2008) (affirming district court's dismissal of prisoner's suit brought

pursuant to § 2254 that complained about the constitutionality of prison conditions, noting that such claims should be brought in a § 1983 civil rights action).

Because the Petition challenges the constitutionality of the conditions of Petitioner's confinement while held at the Grady County Jail, the action should be dismissed without prejudice because it is cognizable only in a § 1983 civil rights action. *Id.* Further, it would be inappropriate for the Court to re-characterize the Petition as one arising under § 1983 for two reasons: (1) because doing so "borders on advocacy," *see Richards v. Bellmon*, 941 F.2d 1015, 1019 n.3 (10th Cir. 1991); and (2) such would enable Petitioner to circumvent the significantly higher fee required to file a civil rights complaint.

Petitioner is aware that this case is more appropriately filed as a § 1983 action but, relying on *Moore v. DeYoung*, 515 F.2d 437 (1975), argues that "if extraordinary circumstances are presented the court is allowed to intervene under a Writ of Habeas Corpus." Doc. #1 at 12. Though he does not specifically identify the extraordinary circumstances allegedly justifying such intervention, Petitioner does note § 1983 claims "take an extraordinary amount of time especially with the provision that a complaint is to be filed with the Bureau of Prisons to exhaust all administrative remedies before filing that suit in Court." *Id.*

Regardless of the merit of Petitioner's circumstances, *Moore* does not support Petitioner's contention. In *Moore*, the court noted that habeas corpus is generally a

post-conviction remedy, but recognized certain circumstances wherein a court can entertain a writ of habeas corpus pre-conviction and held that the petitioner would still be required to exhaust state court remedies on the claims raised therein. *Moore*, 515 F.2d at 441-49. Neither *Moore* nor any other federal case authorizes a court to construe a habeas action, in which the petitioner is challenging his conditions of confinement, as an action brought pursuant to 42 U.S.C. § 1983.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be dismissed without prejudice. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___May 7th___, 2018, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. *Moore v. United States of America*, 950 F.2d 656 (10th Cir. 1991); see, cf. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  16th  day of April , 2018.

/s/ Gary M. Purcell<br>
GARY M. PURCELL<br>
UNITED STATES MAGISTRATE JUDGE